## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-08-318 (17) |
| | § | C.A. No. C-10-108 |
| CHRISTINA GUEVARA CARDENAS, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING MOTION TO VACATE,
## SET ASIDE OR CORRECT SENTENCE, AND
## DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Christine Guevara Cardenas' ("Cardenas") motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (D.E. 750.) The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court dismisses Cardenas' § 2255 motion because she validly waived her right to file the claims raised therein. Cf. United States v. Del Toro-Alejandre, 489 F.3d 721 (5th Cir. 2007) (affirming this Court's sua sponte dismissal of a § 2255 motion based on a valid waiver, rather than requiring a government response). Additionally, the Court denies Cardenas a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

1

## II.  FACTS AND PROCEEDINGS

Cardenas was one of eighteen defendants charged in an eighth superseding indictment on August 26, 2008.[1]  The case involved a ten-year long conspiracy to traffic multi-ton quantities of marijuana and multi-hundred kilogram quantities of cocaine from Mexico to various locations into the United States.  Cardenas participated by transporting drug proceeds from locations north to the Rio Grande Valley, delivering payments in U.S. currency to others involved in the conspiracy and counting U.S. currency for the two leaders of the conspiracy, who were also her mother and step-father.  According to the PSR, Cardenas assisted in the successful transportation and delivery of at least $2.9 million, in addition to $130,000 seized from her on February 19, 2003. (PSR at ¶ 63.)

Cardenas pleaded guilty to Count Nine of the indictment, which charged her and co-defendants with conspiracy to engage in money laundering involving the proceeds of an unlawful activity, that is, the distribution of controlled substances.  Her plea was pursuant to a written plea agreement.  (D.E. 378; 379.)  In exchange for her guilty plea and her waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that she receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range.  (D.E. 379 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Cardenas' right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed.  Defendant is aware that Title 18 U.S.C.

---

[1] The facts of the offense are taken from Cardenas' Presentence Investigation Report ("PSR).

2

§3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attach" [sic] a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 379 at ¶ 7 (emphasis in original).)  The agreement was signed by Cardenas and her counsel.  (D.E. 379 at 5.)

At Cardenas' rearraignment, Cardenas was shown a copy of her agreement. She testified that the agreement was hers, that she had read it and discussed it with her attorney, that she understood it, and that she had signed it.  (R. Rec. at 3:41-3:42.)

The Court also questioned Cardenas under oath to ensure that her plea was voluntary and knowing and to ensure that she understood and was voluntarily relinquishing her appeal rights and right to file a § 2255 motion. The Court specifically admonished Cardenas concerning her § 2255 waiver:

**THE COURT:**  Because of page three, paragraph seven, the words that I pronounce on your sentence will in fact be the final words of your sentence. That is because, at paragraph seven, each of you is surrendering your right to appeal your conviction and your sentence except in limited circumstances and you are giving up your right to file any petition to challenge or modify or vacate your conviction or sentence even after it has become final. That is part of this agreement. Did you want to give up those rights ... Ms. Cardenas?

3

**THE DEFENDANT:**  Yes, Your Honor.

(R. Rec. at 3:45-3:46.)  She later told the Court she understood the matters the Court had discussed with her regarding her plea agreement.  (R. Rec. at 3:50.)

Cardenas testified that no one had promised her what her sentence would be.  (R. Rec. at 3:51-3:52.)  She also testified that no one had threatened her or forced her to plead guilty and that no one had promised her leniency in exchange for her guilty plea, and that it was her decision to plead guilty.  (R. Rec. at 3:37-3:38.)  She further testified that she was pleading guilty because she was guilty.  (R. Rec. at 3:39.)

It is clear from the foregoing that Cardenas' waiver was knowing and voluntary.  See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Cardenas on May 7, 2009 to 87 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and also imposed a $100 special assessment.  (D.E. 599, 605.)  Judgment of conviction and sentence was entered May 15, 2009.  (D.E. 605.)

Consistent with her waiver of appellate rights, Cardenas did not appeal.  The instant § 2255 motion was received by the Clerk of this Court on April 13, 2010. (D.E. 750.)  It is timely.

## III.  MOVANT'S ALLEGATIONS

In her motion, Cardenas lists one ground for relief, but the ground contains three claims, all of which are ineffective assistance of counsel claims.  First, she alleges that her counsel "failed to argue sentencing issues that may have resulted in a lower sentence." (D.E.

4

750 at 4.)  Second, she claims that her sentencing counsel failed to argue for a reduction based on Cardenas' minor role in the offense.  (Id.)  Third, she claims that her counsel failed to properly investigate, participate in, and prepare for Cardenas' sentencing.  (Id.)  She provides no additional facts or details in support of any of her claims.[2]

## IV.  DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

### B.    Waiver of § 2255 Rights

Cardenas' claims are not properly before the Court because she waived the right to

---

[2] Although she does not list it as a separate ground for relief, in response to a form question about whether or not certain issues were raised on appeal or in a post-conviction proceeding, Cardenas states that her counsel failed to timely file a notice of appeal on her behalf.  (D.E. 750 at 4.)  Nowhere does she allege, however, that she ever asked or directed counsel to appeal.  Cardenas has not set forth this allegation as a ground for relief, but merely as an explanation for why she did not appeal.  Accordingly, the Court does not treat this as a separate ground for relief.

bring the claims she raises in her § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights).  It is clear from the rearraignment recording that Cardenas understood that she was waiving her right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up); see supra at pages 3-4.

Cardenas' sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that Cardenas' waiver was knowing and voluntary.

Moreover, Cardenas' claims fall within the scope of her waiver.  They all allege ineffectiveness of counsel at sentencing.  Notably, they do not challenge the validity of her plea or her waiver.  Thus, her claims are not properly before the Court.  See generally Wilkes, supra; White, supra.

For the foregoing reasons, Cardenas' motion is barred in its entirety by her waiver and is therefore DISMISSED WITH PREJUDICE.

## C.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Cardenas has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.  The Court thus turns to whether Cardenas is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Cardenas has stated a valid claim for relief, because she cannot establish the second Slack criterion.  That is, reasonable jurists would not disagree that the claims raised in her motion are barred due to her waiver.  Accordingly, Cardenas is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Cardenas' motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255 (D.E. 750) is DISMISSED WITH PREJUDICE. Cardenas is also DENIED a Certificate of Appealability.

It is ORDERED this 25th day of June, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE